USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/05/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEON SMALLS,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

23-CV-0835 (VEC)

19-CR-0166 (VEC)

ORDER

---

VALERIE CAPRONI, United States District Judge:

      On January 17, 2023, Petitioner Leon Smalls ("Mr. Smalls"), proceeding *pro se*, moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Pet., Dkt. 443 (the "Petition").[1] The Court ordered Mr. Smalls to file a declaration showing cause why the motion should not be denied as untimely. *See* Order, Dkt. 445. On March 9, 2023, Mr. Smalls filed a declaration asserting that the COVID-19 pandemic and his diligence justified tolling the applicable statute of limitations period. *See* Smalls Decl., Dkt. 447. For the following reasons, the Petition is DENIED as untimely.

      A section 2255 petition must be filed within one year of one of four benchmark dates; the relevant one in Mr. Smalls's case is the date "the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Mr. Smalls was convicted of the use, possession, and brandishing of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), on August 27, 2020. *See* Judgment of Conviction, Dkt. 210. Because Mr. Smalls did not appeal his conviction, it became final when the 14-day period to file a notice of appeal expired on September 10, 2020. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Accordingly, Mr. Smalls's time to file the Petition expired one year later, on September 10, 2021.

---

[1] All citations to the docket refer to Docket No. 19-CR-0166.

1

Courts have discretion to toll the statute of limitations period if a petitioner has shown that (1) "extraordinary circumstances" prevented him from filing his petition on time and (2) he acted "with reasonable diligence" during the period he seeks to toll. *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)). If the petitioner, "acting with reasonable diligence," could have filed the petition on time notwithstanding extraordinary circumstances, tolling is not warranted. *Id.*

Mr. Smalls asserts that he is entitled to equitable tolling because COVID-19 lockdowns at his detention facilities restricted his access to law libraries, and because he has been acting "very diligently to try to exercise his rights," despite the COVID-19 lockdowns. *See* Smalls Decl. at 2–3.

The Court recognizes that the COVID-19 pandemic made incarceration particularly unpleasant and that outbreaks continue to cause disruptions at some detention facilities. That is not enough, however, to account for Mr. Smalls's failure to file his Petition until January 2023 — more than a year past the limitations period and almost three years since the inception of the pandemic.

At this point in the pandemic's lifecycle, merely invoking lockdowns and restrictions, without explaining extraordinary circumstances "*specific to* [the petitioner]" that prevented a timely motion, does not warrant tolling the statute of limitations period for habeas petitions. *Mayard v. United States*, No. 22-CV-2553 (LAP), 2022 WL 992835, at *3 (S.D.N.Y. Apr. 1, 2022) (noting that a petitioner "cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown") (quoting *Hines v. United States*, No. 17-CR-364-2 (CS), 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021)); *see also Shaw v. United States*, No. 22-CV-6170

(RJS), 2022 WL 2916324, at *4–5 (S.D.N.Y. July 25, 2022) (declining to toll the statute of limitations period because the petitioner did not assert "that he made any attempt to timely file a petition during the one-year limitations period" and because pandemic restrictions did not excuse his failure to act diligently); *Rodriguez v. United States*, No. 21-CV-598 (SRU), 2022 WL 1229017, at *3 (D. Conn. Apr. 26, 2022) (declining to toll the statute of limitations period because the petitioner did not "articulate with any specificity how the pandemic hindered his ability to timely file his petition" nor state facts "showing that he pursued his rights diligently" during the period at issue).

Mr. Smalls's assertions that the COVID-19 pandemic, rather than any facts particular to him, caused delays does not establish extraordinary circumstances. Nor does Mr. Smalls's vague and conclusory assertion that he has been acting diligently show that he could not have filed the Petition within the statute of limitations.

Because Mr. Smalls has not stated facts sufficient to show extraordinary circumstances and diligence, the Petition is DENIED as untimely. The Court declines to issue a certificate of appealability, as Mr. Smalls has not made a substantial showing of a denial of a constitutional right. *See Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied.

      The Clerk of Court is respectfully directed to close the open motion at Docket Entry 443, to close 23-CV-0835, and to mail a copy of this Order to Mr. Smalls.

SO ORDERED.

Dated:   April 5, 2023
           New York, New York

                                                VALERIE CAPRONI
                                                United States District Judge